UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE RODOLFO IGLESIAS PARADA,

          Petitioner,

    v.

WARDEN, NORTHWEST ICE
PROCESSING CENTER; FIELD OFFICE
DIRECTOR, ICE SEATTLE; SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY; ATTORNEY GENERAL OF
THE UNITED STATES,

          Respondents.

Case No. 2:26-cv-00947-TMC

ORDER DENYING MOTION FOR
IMMEDIATE RELEASE

Before the Court is self-represented petitioner Jose Rodolfo Iglesias Parada's

("Mr. Iglesias Parada") "motion for immediate release or, in the alternative, for a bond hearing."

Dkt. 2. A document filed by a self-represented litigant is to be liberally construed. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). Given that Mr. Iglesias Parada is representing himself, the Court

will treat his motion as one for a temporary restraining order ("TRO"). For the reason explained

below, Mr. Iglesias Parada's motion for a TRO is DENIED. His habeas petition will be handled

promptly based on the scheduling order entered at Dkt. 4.

Mr. Iglesias Parada was arrested by Immigration and Customs Enforcement ("ICE") on

March 6, 2026, and has been detained within the Northwest ICE Processing Center ("NWIPC")

ORDER DENYING MOTION FOR IMMEDIATE RELEASE - 1

ever since. Dkt. 1 at 1–2. On March 20, 2026, Mr. Iglesias Parada began this case with two filings. The first is a petition for writ of habeas corpus. Dkt. 1. With this petition, Mr. Iglesias Parada seeks release from immigration detention, or alternatively, an order requiring a bond hearing before an immigration judge. *Id.* at 2. The second filing is the instant motion for a TRO seeking the same relief. Dkt. 2.

A party seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction."). When a party seeks a TRO against the government, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). In the Ninth Circuit, a party may also obtain a TRO by demonstrating "'serious questions going to the merits' and a balance of hardships that tips sharply" in the party's favor, so long as the party also shows "that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)); *City of Seattle*, 474 F. Supp. 3d at 1185–87 (applying the "serious questions" standard to a request for a TRO).

Mr. Iglesias Parada fails to show a likelihood of irreparable harm without preliminary relief. His motion seeks to obtain the relief sought in his habeas petition on an expedited basis. As explained in this Court's General Order 10-25 on immigration habeas petitions, this type of filing is discouraged, and "[m]otions for temporary restraining orders should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." General Order 10-25 (Dec. 18, 2025). This District is handling an

ORDER DENYING MOTION FOR IMMEDIATE RELEASE - 2

unprecedented volume of immigration habeas cases, all of which, by their very nature, concern petitioners who allege they are unlawfully in custody. The Court does its best to rule on each petition promptly, but it will generally not consider emergency motions that seek the same underlying relief without a showing of imminent, irreparable harm separate from ongoing detention. Furthermore, the Court's scheduling order provides a procedure for either party to request expedited briefing on the habeas petition. *See* Dkt. 4.

Mr. Iglesias Parada's motion does not show a likelihood of imminent transfer from this district, removal from the United States, or other irreparable harm. Consistent with General Order 10-25 and this Court's scheduling order, Respondents must provide Mr. Iglesias Parada "least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer [him] from the Western District of Washington or to remove [him] from the United States." Dkt. 4 ¶ 3. This notice allows Mr. Iglesias Parada to seek emergency relief if needed. No further restrictions are warranted now.

Because Mr. Iglesias Parada has not met the standard for a TRO, the Court DENIES his motion. Dkt. 2.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR IMMEDIATE RELEASE - 3